Castelló et al., Appellants, v. The Registrar, Respondent.

## Appeal from a Decision of the Registrar of Property of San Germán.

No. 152.—Decided November 19, 1913.

Attachment—Description of Property Attached—Identification of Property—Curable Defect.—When the only reason given by the registrar for not entering a cautionary notice of an attachment on a part of a property is that although that part has been segregated and is recorded in the name of the person against whom the attachment is directed as part of a consolidated property, said part is not described in the notice, the decision appealed from will be reversed and the entry of the cautionary notice will be ordered with the curable defect that the segregated portion has not been described, if, as in the case at bar, the entries in the registry show the existence of the parcel of land referred to in the attachment and its identity by boundary lines, although the boundaries may have been changed by reason of the consolidation last made.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for appellants.

*Mr. Rafael B. Sama,* the registrar, filed a brief *pro se.*

Mr. Chief Justice Hernández delivered the opinion of the court.

In a suit brought by Gerardo and Salvador Castelló y Camps in the District Court of. Mayagüez against Celedonio Carbonell to recover a debt, on January 10, 1913, the marshal of said court issued a notice in duplicate to the Registrar of Property of San Germán for the entry of the attachment which he had levied on all the right, title and interest of the defendant in and to a sugar-cane plantation called "Monserrate" and in and to another sugar-cane plantation called "Restauración," the latter being situated in the ward of Llanos Costas, municipal district of Cabo Rojo, and composed of 700 *cuerdas* of land, more or less, with a dwelling-house and buildings thereon, and bounded on the north by a country road leading from Lajas to Boquerón and by lands of the plantation "Desengaño," belonging to Cartagena Brothers; on

the south by lands of Pablo Hernández, of the Succession of Fulgencio González and of Cartagena Brothers; on the east by the plantation ''Desengaño,'' and on the west by lands of Carlos Ramírez, of Pablo Hernández and of the Succession of Fulgencio González.

By his decision of February 8, 1913, the registrar entered the notice of attachment as to the plantation ''Monserrate,'' but refused the entry as to the plantation ''Restauración.'' The pertinent part of said decision reads as follows:

''The record of the notice of attachment requested in the foregoing document, which is considered with its accompanying document, is denied as to the plantation ''Restauración,'' composed of 700 *cuerdas* of land, more or less, because of the defect that although 391 *cuerdas* were segregated from the said plantation and united with other different parcels of land to form a new plantation, also called ''Restauración,'' recorded in the name of the defendant, Celedonio Carbonell y Casabó, the said 391 *cuerdas* are not described in the document, the remainder of the said 700 *cuerdas*, more or less, being recorded in the name of different persons. In lieu of the entry requested, a cautionary notice is entered for the period of 120 days, as required by law, on folio 111, over, of vol. 22 of the municipality of Cabo Rojo, property No. 332, quintuple, entry letter B. The registrar, Rafael B. Sama.''

Gerardo and Salvador Castelló y Camps took an administrative appeal from the foregoing decision, which is now before us for consideration.

From the certificate of entries in the Registry of Property of San Germán, which we have examined for a better understanding of the appeal, it appears:

*First.* That on October 31, 1891, the possession of the sugar-cane plantation ''Restauración'' was recorded in the Registry of Property of San Germán in the name of Gumersinda Casabó y Miret, deceased, under the same area and boundaries already stated. Property No. 332, entry 1, folio 176, vol. 6 of Cabo Rojo.

*Second.* That the same plantation ''Restauración'' was recorded on December 16th of the said year 1891 in the name

of the heirs of Gumersinda Casabó y Miret, among whom was Carlos Casabó y Miret, 309 *cuerdas* having been recorded in the name of said Carlos Casabó y Miret for the payment of the liabilities of the inherited estate and the remaining 391 *cuerdas* in the names of the said Carlos Casabó y Miret and the other heirs. Property No. 332, record 2, folio 177, over, vol. 6 of Cabo Rojo.

*Third.* That the following parcels were segregated from the said plantation "Restauración:" One of 17 *cuerdas* sold by Carlos Casabó y Miret to Juan José Irizarry y Toro by deed of October 2, 1891; another of 77 *cuerdas* sold by Carlos Casabó y Miret to Celedonio Carbonell y Casabó by deed of June 28, 1892, and afterwards sold by Celedonio Carbonell y Casabó to Virgilio Zapata y Vilanova by deed of June 1, 1894; another of 200 *cuerdas* sold by Carlos Casabó y Miret to Ramón Garrastazú y Pabón by deed of September 11, 1891, and another of 391 *cuerdas* acquired by Celedonio Carbonell y Casabó from the various grantees of the plantation "Restauración."

*Fourth.* That Celedonio Carbonell y Casabó grouped the aforesaid 391 *cuerdas* with other parcels of 5 *cuerdas,* 20 *cuerdas,* 10½ *cuerdas* 15 *varas,* 39 32/100 *cuerdas* and 122½ *cuerdas,* acquired respectively from Enrique Ramírez y Toro, Fermín Acosta y Rodríguez, Alberto Zambrana e Irizarry, and Ramón Garrastazú y Pabón, and formed a single plantation also called "Restauración," with an area of 603.75 *cuerdas,* bounded on the north by lands of Gregorio Losada, Dionisia Albino, Enrique Ramírez and by the road leading from Lajas to Boquerón; on the south by lands of the Succession of Pablo Hernández and the road leading from Salinas to Guánica; on the east by lands of the plantation "Desengaño," belonging to Cartagena Brothers, and lands of the Succession of Virgilio Zapata, and on the west by lands of Gregorio Losada, of Enrique Ramírez, of the Succession of Pablo Hernández and of Eugenio López.

*Fifth.* That in record 7 of the property No. 332 it was

shown that the boundaries of the 391 *cuerdas* were the following: On the north the road leading from Lajas to Boquerón; on the south the road leading from Guánica to Salinas; on the east lands belonging to Cartagena Brothers, and on the west lands belonging to Pablo Hernández and Carlos Ramírez.

As will be seen, the 391 *cuerdas* referred to were segregated from the original property ''Restauración'' composed of 700 *cuerdas* and became a part of the new plantation ''Restauración'' by consolidation. The attachment of the said 391 *cuerdas* could not affect the original plantation ''Restauración'' but only the new plantation formed by consolidation. The action of the marshal in attaching all the right, title and interest of Celedonio Carbonell in and to the plantation ''Restauración'' composed of 700 *cuerdas* was irregular, for the attachment should have been levied only on the plantation ''Restauración'' composed of 603.75 *cuerdas*. But this was not done and we must consider the present appeal by accepting the facts as they are presented, taking as a basis the reason which the registrar gives for his refusal to record the notice of the attachment.

In refusing to comply with the request of the marshal, the registrar entered the cautionary notice for 120 days required by law, on folio 111, over, of volume 22 of the municipality of Cabo Rojo, property No. 332, quintuple, entry letter B, this being the property of 700 *cuerdas,* and in order that the entry might affect the other property of 603.75 *cuerdas* he entered the following marginal note on the record thereof:

''See the notice of attachment letter B, entered for 120 days on folio 111, over, of vol. 22 of the municipality of Cabo Rojo, property 332, quintuple, the said entry referring to a property composed of 700 *cuerdas,* more or less, also named ''Restauración,'' from which a parcel of land of 391 *cuerdas* was segregated, which forms a part of the property bearing this number and which is the first of the six properties described in the accompanying record. San Germán, February 8, 1913. (Signed) Sama.''

The only reason assigned by the registrar for his refusal to record the notice of attachment on all the right, title and interest of Celedonio Carbonell in the original plantation "Restauración" is that although 391 *cuerdas* were segregated from the said property and united with other different parcels to form a new plantation of the same name recorded in the name of Celedonio Carbonell, said 391 *cuerdas* were not described in the notice of attachment.

This reason does not justify the decision appealed from, for the existence of the 391 *cuerdas* of land belonging to Celedonio Carbonell is a fact fully established in the registry both by the original and by the final record of the plantation "Restauración" referred to herein, and the boundaries of the 391 *cuerdas* are set out in one of the records of the original plantation "Restauración;" but as the said boundaries may have been changed undoubtedly by reason of the grouping of the said 391 *cuerdas* with other parcels of land in order to form the new plantation "Restauración" the omission pointed out by the registrar would constitute in the present case only a defect which could be corrected at any time, according to the doctrine of the General Directorate of Registries of Spain in its decisions of November 29, 1879, and November 9, 1888.

By entering the notice of attachment no third party will be led into error.

For the foregoing reasons the decision of the Registrar of Property of San Germán of February 8, 1913, should be reversed in the part appealed from and it is ordered that the notice of attachment be entered with the curable defect herein referred to.

> *Reversed and entry of notice of attachment ordered.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.